UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                        - against -

MARQUEL MAY,

                         Defendant.
------------------------------------------------------------X

18-CR-688 (ALC)

ORDER DENYING
COMPASSIONATE RELEASE

**ANDREW L. CARTER, JR., United States District Judge:**

## BACKGROUND

On February 26, 2019, I sentenced May to 60 months–the mandatory minimum– for his role in a conspiracy to possess with intent to distribute heroin.

On December 28, 2020, May sought compassionate release and a sentence reduction from the Bureau of Prisons. The Acting Warden denied his request on February 5, 2021. He filed a motion with the Court seeking compassionate release and a sentence reduction on November 19, 2021. The government opposed it on December 1, 2021.

May seeks compassionate release and a sentence reduction based on his lack of disciplinary infractions in prison, the length of time served, as well as his medical conditions, especially in light of the COVID-19 pandemic. On February 5, 2021, May refused the COVID-19 vaccination.

The government opposes May's motion, claiming that he hasn't demonstrated extraordinary and compelling reasons and that the factors listed in 18 U.S.C. § 3553(a) counsel against release.

DISCUSSION

A)  LEGAL STANDARDS

A defendant may make a motion for compassionate release to a district court only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582.(c)(1)(A)(i).

If the defendant has exhausted all administrative rights, "A court may reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553 (a) to the extent they are applicable, if it finds that extraordinary and compelling circumstances warrant such a reduction... " 18 U.S.C. § 3582.(c)(1)(A). Although 3582 also requires that any sentence reduction be consistent with applicable policy statements issued by the Sentencing Commision, the Second Circuit has held that "district courts have discretion to consider the full slate of extraordinary and compelling reasons that an imprisoned person may bring before [the court] in motions for compassionate release" and that "neither Application Note 1(D), nor anything else in

2

the now-outdated version of Guideline § 1B1,13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020).

    B)    ANALYSIS

Since there is no dispute that May exhausted administrative remedies with the BOP, I will turn to the merits of May's motion.

His medical conditions, coupled with the threat of contracting COVID-19, do not establish extraordinary and compelling reasons. May has refused to accept a vaccine offered at the facility. The facility has offered a vaccine that would provide protection against him developing serious symptoms from contracting COVID 19. His refusal "to take the vaccine belies not only his fear of developing serious complications from COVID 19, but also his concern that the facility cannot protect his health as it relates to COVID 19." *United States v. Ordonez*, No. 13 Cr, 811 (ALC), Doc. No. 765 at 3, (S.D.N.Y Mar. 8, 2021).

In addition, his lack of disciplinary infractions while incarcerated and the length of time served in custody do not establish extraordinary and compelling reasons. Even if any of these considerations, alone or in concert, established extraordinary and compelling reasons, the factors set out in 18 U.S.C. § 3553 (a) counsel against release. May conspired to possess with intent to distribute 100 grams and more of mixtures and substances containing a detectable amount of heroin. When law enforcement officers attempted to arrest May, he led the officers on a high speed chase, crashing the car he was driving, before exiting the car and attempting to flee on

foot.  The need to deter criminal conduct, promote respect for the law, and protect the community from further crimes of the defendant still exists.

      The motion is denied.

**SO ORDERED.**

**Dated: January 26, 2022**
      **New York, New York**

                                **__/s/ Andrew L. Carter, Jr.__**
                                **ANDREW L. CARTER, JR.**
                                **United States District Judge**